UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BAGS LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE PICKLE JUICE COMPANY, LLC; and<br>FILIP KEUPPENS,<br><br>                    Defendants. | Civil Action No. _____<br><br>**COMPLAINT AND**<br>**<u>JURY TRIAL DEMAND</u>** |

Plaintiff BAGS LLC ("Plaintiff"), by and through its counsel, for its Complaint against The Pickle Juice Company, LLC ("PJC") and Filip Keuppens ("Keuppens") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Defendants are engaged in an unlawful scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2. In furtherance of the scheme, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

3. Defendants' nefarious actions cause consumers to pay more for common goods and undermine Amazon's competitive pricing policies.

4. This action seeks redress for these tortious, defamatory and anticompetitive activities.

## PARTIES

5. Plaintiff is a company organized and existing under the laws of the State of Maine, with an address at 65 East Ave, Lewiston, ME 04240.

-1-

6. On information and belief, Defendant PJC is Texas company having an address at 3325 Innovative Way, Suite C, Mesquite, Texas 75149.

7. On information and belief, Defendant Keuppens is an Executive Vice President of Defendant PJC and resides in Dallas, Texas.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

9. Defendants are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

10. On information and belief, Defendant PJC does business in the State of Maine, sells large quantities of various products, including food products, to customers in Maine, engages distributors based in Maine, maintains an interactive website accessed by residents of Maine, and otherwise avails itself of the privilege of doing business in the State of Maine.

11. Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities. In this regard, as shown in the screenshot below, Plaintiff's Amazon storefront identifies Plaintiff's place of business in Maine:

**Detailed Seller Information**
Business Name: BAGS LLC
Business Address:
65 East Ave
LEWISTON
ME
04240
US

12. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

13. Defendant PJC is in the business of manufacturing and distributing consumer products, including food products sold under the PJC marks ("PJC Products").

14. Defendant PJC is the owner of U.S. Trademark Registration No. 3837353 for Pickle Juice ("the PJC Registration").

15. Defendant Keuppens directed the unlawful acts described herein including the false and defamatory reports submitted to Amazon.

16. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

17. Plaintiff resells products through an Amazon storefront.

18. Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

19. Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

20. Upon information and belief, Amazon is the world's largest online retailer.

21. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

22. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

23. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

24. Plaintiff has a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

25. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

26. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

27. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

28. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

29. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

30. Plaintiff's Amazon storefront has amassed thousands of reviews and a holds a perfect customer rating:



31. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

**DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS**

32. On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the PJC Products, through unlawful means.

33. As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine PJC Products on online marketplaces by false allegations of intellectual property infringement and defamation.

34. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine PJC Products on Amazon.

35. On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

36. Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

37. Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell PJC Products without violating the intellectual property rights or other legal rights of Defendants.

38. The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

39. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

40. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

-6-

> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

41. On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

42. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

43. Defendants filed complaints with Amazon that alleged that Plaintiff was selling PJC Products that infringed the PJC Registration.

44. Defendants knew, or should have known, that such allegations were false.

45. Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

46. On information and belief, the complaints were signed by Defendant Keuppens under penalty of perjury.

47. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

-7-

-8-

48. Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

49. On or about June 27, 2024, Plaintiff received a notice from Amazon stating:

Hello ,

Based on your Account Health Rating, your account is at risk of imminent deactivation. We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark, which is a critical violation. Funds will not be transferred to you but will stay in your account while we work with you to address this issue in accordance with the Funds Withholding Policy:
https://sellercentral.amazon.com/gp/help/external/help.html?itemID=9RA9LYBJ3QP27M6

These are the rights owner's contact details:
--        Pickle Juice Compliance Team
-- brandprotection@picklepower.com

Why did I receive this message?
All sellers on Amazon are expected to follow Amazon Selling Policies and Seller Code of Conduct. We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help.
https://sellercentral.amazon.com/gp/help/external/201361070

What can I do to avoid account deactivation?
To avoid account deactivation, appeal or dispute the violation that led to your account being at risk within 3 days of this notification. To do so, follow the instructions in the banner at the top of your Account Health page in Seller Central:
https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa

We're here to help.
If you have questions, contact us:
https://sellercentral.amazon.com/cu/contact-us/performance

To view your account performance, go to the "Account Health" page in Seller Central:
https://sellercentral.amazon.com/performance/dashboard?reftag=email_appeal
Alternatively, select "Account Health" on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app: https://itunes.apple.com/us/app/amazon-seller/id794141485
https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

-8-

ASIN: B06XCL9MZZ
Infringement type: Counterfeit
Trademark asserted: 3837353
Complaint ID:15499062461

50. The above report relates to a PJC Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

51. The PJC Product identified in the above report was genuine.

52. The PJC Product identified in the above report was manufactured and distributed by Defendants.

53. On information and belief, prior to filing the above report, Defendants knew, or should have known, that the PJC Product sold by Plaintiff did not infringe the above cited PJC Registration.

54. On information and belief, prior to filing the above report, Defendants knew, or should have known, that the PJC Product sold by Plaintiff was not counterfeit.

55. On information and belief, Defendants' allegations that the above PJC Products infringed Defendants' trademark rights was knowingly false and made in bad faith.

**DEFENDANTS REFUSE TO RETRACT THEIR FALSE REPORT TO AMAZON**

56. The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere in Plaintiff's ability to resell PJC Products.

57. On or about June 28, 2024, Plaintiff contacted Defendants regarding the report and requested a retraction.

58. Defendants failed to provide evidence that the PJC Products sold by Plaintiff were counterfeit as alleged.

59. To date, Defendants have failed to retract the false complaint.

## HARM TO PLAINTIFF

60. As a result of the above false rights complaints, Plaintiff's listings relating to PJC Products were suspended, resulting in an immediate loss of revenue.

61. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

62. On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringe, result in selling suspensions.

63. On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

64. At no time has Plaintiff ever sold PJC Products that infringed any of Defendants' intellectual property or other legal rights.

65. The PJC Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

66. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

67. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

## COUNT I - DECLARATORY JUDGMENT
(No Trademark Infringement)

68. Plaintiff realleges and incorporates all previous paragraphs.

69. Defendants manufacture and distribute PJC Products and place such products into the stream of commerce.

70. Plaintiff stocks, displays, and resells new, genuine PJC Products, each bearing a true mark.

71. Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit PJC Products that infringed, *inter alia*, the PJC Registration.

72. The PJC Products sold by Plaintiff were not counterfeit.

73. On information and belief, at the time that Defendants submitted their complaints to Amazon, Defendants purchased and examined the PJC Product offered for sale by Plaintiff.

74. Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to PJC Products.

75. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of PJC Products on the Amazon.com platform.

76. Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

77. Under these facts, an actual controversy exists between Plaintiff and Defendants.

78. Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – DEFAMATION

79. Plaintiff realleges and incorporates all previous paragraphs.

80. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's PJC Products were counterfeit and infringed the PJC Registration.

81. Plaintiff did not sell counterfeit products.

82. Plaintiff did not infringe the PJC Registration.

83. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to PJC Products.

84. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

85. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

86. Defendants' false statements are not protected by any privilege.

87. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

88. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

89. Here, Defendants published statements that Plaintiff was engaged in counterfeiting.

90. Defendants' false statements constitute defamation per se.

91. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling PJC Products and damage to its relationship with Amazon and its customers.

92. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to PJC Products have been suspended and Plaintiff has lost sales of PJC Products and many other products.

93. Plaintiff is entitled to damages, costs, and fees as allowed by law.

94. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT III – TRADE LIBEL

95. Plaintiff realleges and incorporates all previous paragraphs.

96. Defendants knowingly published false and derogatory statements regarding Plaintiff's business.

97. Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling counterfeit PJC Products.

98. Defendants' statements that Plaintiff was selling counterfeit PJC Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

99. As discussed above, on information and belief, Defendants knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

100. Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings.

101. As a result of Defendants' false rights owner complaints, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

102. Plaintiff is entitled to damages, costs, and fees as allowed by law.

103. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

104. Plaintiff realleges and incorporates all previous paragraphs.

105. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

106. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

107. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

108. At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

109. At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

110. Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

111. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon, including a breach of Paragraph S-1.2 of the BSA.

112. Defendants intended to cause Amazon to suspend Plaintiff's ability to sell PJC Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

113. Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell PJC Products on Amazon.

114. Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

115. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of PJC Products to be suspended.

116. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

117. The intentions of Defendants are demonstrated by the fact that Defendants performed test purchases prior to alleging that the products sold by Plaintiff were counterfeit.

118. The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark counterfeiting.

119. Defendants' accusations were false and were made maliciously and with ill will.

120. Defendants' actions amounted to interference with a valid contract or prospective economic advantage by means of fraud or intimidation that proximately caused Plaintiff damages.

121. Plaintiff has been damaged by suspension of these listings by losing revenue related to PJC Products.

122. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

123. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the PJC Registration;

B. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C. Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D. An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

E. An award of all damages that Plaintiff has suffered as a result of Defendants' trade libel;

F. An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

G. An award of all costs and fees incurred in this Action; and

H. Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: July 5, 2024                                Respectfully submitted,


By: /s/ Theodore Small
    Theodore Small

    Skelton, Taintor & Abbott
    500 Canal Street
    Lewiston, Maine 04240
    (207) 784-3200
    tsmall@sta-law.com

090807\3\170803619.v1